_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02321-FWS-JDE                                  Date: November 25, 2025
Title: Marko Mandaric *et al*. v. JPMorgan Chase Bank, N.A. *et al*.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING PLAINTIFF'S MOTION TO REMAND [11]**

In this case, Plaintiffs Marko Mandaric and Kahlie Mandaric assert claims against Defendants JPMorgan Chase Bank, N.A., doing business as Chase Auto Finance ("Chase"); Doe 1 Repossession Agency; Doe 2 Tow Operator; and other unnamed Does related to the alleged "wrongful and unlawful repossession of Plaintiffs' 2016 Aston Martin Vanquish" (the "Aston Martin"). (*See generally* Dkt. 1-1 ("Complaint" or "Compl.").) Before the court is Plaintiffs' Motion to Remand. (Dkt. 11 ("Motion" or "Mot.").) Defendant opposes the Motion. (Dkt. 12 ("Opposition" or "Opp.").) Plaintiffs filed a reply in support of the Motion. (Dkt. 13 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for December 11, 2025, is **VACATED** and off calendar. Based on the record, as applied to the relevant law, the Motion is **DENIED.**

**I.      Background**

Plaintiffs purchased the Aston Martin, which has a "current fair market value [of] approximately $154,950," "under a consumer auto finance agreement serviced by Chase." (Compl. ¶ 8.) Plaintiffs were not up to date on payments, but believed based on June 5, 2025, conversations with Chase representatives "that after a payment would be made, repossession

_____

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02321-FWS-JDEDate: November 25, 2025

Title: Marko Mandaric *et al*. v. JPMorgan Chase Bank, N.A. *et al*.

_____

would not occur until approximately 90 days past due." (*Id.* ¶ 9.) Plaintiffs then made a payment on June 14, 2025. (*Id.*) "Notwithstanding that guidance, in the early hours of August 27, 2025 (on or about the 86th day past due), Defendants seized the [Aston Martin] from Plaintiffs' residence via a stealth, 41-second tow conducted at night with the tow truck's lights turned off. During the tow, Defendants dragged the [Aston Martin] sideways down the street after making driveway contact with the near $10,000 front lip spoiler. Defendants' method damaged the [Aston Martin] and damaged Plaintiffs' driveway, leaving physical scarring." (*Id.* ¶¶ 10-11.) "After seizure, Defendants stored the [Aston Martin] outdoors, exposed to the elements. Bird droppings and UV exposure threatened and began to degrade the [Aston Martin]'s paint and the Aston Martin's delicate leather interior, likely necessitating paint correction or respray and expensive interior remediation or replacement." (*Id.* ¶ 12.)

     On September 5, 2025, Plaintiffs filed this case in Orange County Superior Court, asserting claims for (1) claim and delivery (replevin); (2) conversion; (3) trespass to chattels; (4) trespass to land; (5) negligence; (6) negligent bailment; (7) breach of contract; (8) breach of the implied covenant of good faith and fair dealing; (9) intentional misrepresentation (fraud); (10) negligent misrepresentation; (11) intentional infliction of emotional distress; (12) negligent infliction of emotional distress; (13) violations of the California Commercial Code; (14) negligent misrepresentation (pled in alternative); and (15) violation of California's Unfair Competition Law. (*Id.* ¶¶ 18-51.) Among other relief, Plaintiffs seek "[i]mmediate possession of the Vehicle," "[r]epair and restoration of the Vehicle," "[w]aiver of any alleged deficiency and a declaration that Defendants are barred from seeking further amounts under the Contract," damages for emotional distress, punitive damages, and attorney fees. (*Id.* at 11 (Prayer for Relief).)

     "On September 26, 2025, Plaintiffs communicated a demand in the amount of $93,000.00 which Plaintiffs stated consisted of $60,000.00 for loss of value of the vehicle; $30,000.00 for pain and suffering and $3,000.00 for property damage." (Dkt. 1 ("Notice of Removal" or "NOR") ¶ 5; Dkt. 4 (Declaration of Julieta Stepanyan, "Stepanyan Decl."), Ex. 1.) "On October 2, 2025, Plaintiffs communicated a settlement demand in the amount of $363,000.00." (NOR ¶ 5; Stepanyan Decl. Ex. 2.)

_____

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02321-FWS-JDE  Date: November 25, 2025

Title: Marko Mandaric *et al*. v. JPMorgan Chase Bank, N.A. *et al.*

___

On October 14, 2025, Defendant removed the case to this court, asserting that the court has diversity jurisdiction. (NOR.) In support of the amount in controversy, Defendant relied on the settlement demands and also noted that "[t]he Complaint alleges that the vehicle at issue in this Action has a value of approximately $154,950.00 (Compl., ¶ 20)." (NOR ¶ 5.)

## II.   Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

___

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02321-FWS-JDE                       Date: November 25, 2025

Title: Marko Mandaric *et al*. v. JPMorgan Chase Bank, N.A. *et al.*

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

**III.  Discussion**

In the Motion, Plaintiffs argue "Chase cannot show, by a preponderance of the evidence, that the amount in controversy meets or exceeds the jurisdictional threshold" because "neither the $93,000 nor the $363,000 number references qualify as a reasonable estimate of damages given that the Subject Vehicles actual value is still, at the time of this filing, not known," and "[b]oth were made without factual basis, at a time when Plaintiffs had no access to photos or inspection reports of the repossessed vehicle, no knowledge of its condition, and no sale or valuation data."[1] (Mot. at 5.) The court is not persuaded.

"[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). "A settlement letter is relevant evidence in the amount of controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *see also Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) (letter sent from plaintiff's counsel to defendant's counsel confirming details discussed in a phone call gave notice the case was removable). In *Cohn*, the Ninth Circuit recognized that the plaintiff "could have argued that the demand was inflated and not an honest assessment of damages, but

---

[1] Plaintiffs do not dispute that there is complete diversity of citizenship, and at this time—without the Doe Defendants being named—the court finds that there is. (*See* Opp. at 1.)

_____

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02321-FWS-JDE                              Date: November 25, 2025

Title: Marko Mandaric *et al*. v. JPMorgan Chase Bank, N.A. *et al.*

_____

he made no attempt to disavow his letter or offer contrary evidence." 281 F.3d at 840. "District courts interpreting *Cohn* have found that where a plaintiff takes steps to disavow a damages estimate, the estimate, standing alone, is insufficient to show that the requisite amount has been met." *Amirkhanian v. Costco Wholesale Corp.*, 2020 WL 4747612, at *4 (C.D. Cal. Aug. 17, 2020) (collecting cases) (internal quotation omitted).

   Here, Plaintiffs take steps to disavow the estimates in their settlement offers, arguing they were merely "emotional expressions of frustration and leverage during confidential settlement dialogue, not reasoned assessments of actual damages related to tangible data." (Mot. at 5-6; *see* Reply at 1-4.) However, the court is not persuaded that the settlement offers are so removed from the amount of possible recoverable damages in this case that they should not be considered relevant evidence of the amount in controversy. *See, e.g.*, *Schroeder v. PetSmart, Inc.*, 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019) (remanding slip-and-fall action removed on basis of plaintiff's statement of damages which "cite[d] no facts to explain how plaintiff determined the $4,500,000 amount" and was "simply a bold optimistic prediction" and "not a reasonable estimate of plaintiff's claim") (citation modified); *Graybill v. Khudaverdian*, 2015 WL 7295378, at *4 (C.D. Cal. Nov. 17, 2015) (remanding where "once Defendants removed, Plaintiff—unlike the plaintiff in *Cohn*—immediately disavowed the demand as a sort of pie-in-the-sky settlement wish and not a serious evaluation of the value of his claim. (Indeed, the Court is skeptical that Plaintiff would seriously value eighteen months' worth of lost use of a $28,000 vehicle at more than $100,000.)"); *Aguinaga v. First Student, Inc.*, 2021 WL 83272, at *4 (C.D. Cal. Jan. 7, 2021) ("The Court is inclined to agree with Plaintiffs that the $140,000,000 number in the October 15, 2020 settlement communication is not a reasonable estimate of Plaintiffs' claims and therefore does not establish that any Plaintiff seeks more than $75,000."). In particular, while the October 2, 2025, communication might possibly be consistent with Plaintiffs' position that the settlement demands were mere emotional outbursts, the September 26, 2025, email contains a precise breakdown of the basis for the demand:

- $60,000 - Loss of value (sale price less loan balance)
- $30,000 - P&S
- $3,000 - Property damage (driveway)

_____

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02321-FWS-JDE    Date: November 25, 2025

Title: Marko Mandaric *et al*. v. JPMorgan Chase Bank, N.A. *et al.*

_____

(Stepanyan Decl. Ex. 1.)  Under these circumstances, and considering all of the information in the record, including but not limited to Plaintiffs' allegations regarding the $154,950 fair market value of the car, (Compl. ¶¶ 8), "physical scarring" damage to the driveway and the "near $10,000 front lip spoiler," (*id.* ¶ 10-11), "severe mechanical/structural harm, including but not limited to front-end linkage, alignment, and potential undercarriage/carbon-fiber damage" that would require "significant" repair costs, (*id.* ¶ 13), storage damage resulting in a need for "expensive interior remediation or replacement," (*id.* ¶ 12), "severe emotional distress, including a panic attack on August 26-27, 2025), (*id.* ¶ 16); the fact that Plaintiffs seek "[i]mmediate possession of the Vehicle," "[r]epair and restoration of the Vehicle," "[w]aiver of any alleged deficiency and a declaration that Defendants are barred from seeking further amounts under the Contract," damages for emotional distress, damages for property damage to the driveway, punitive damages, and attorney fees, (*id.* at 11 (Prayer for Relief)); and Plaintiffs' September 26, 2025 settlement demand of $93,000, which contained a calculation breakdown (Stepanyan Decl. Ex. 1); the court finds that Defendant met its burden to plausibly allege in the Notice of Removal and show by a preponderance of the evidence in Opposition that the amount in controversy exceeds $75,000 and complete diversity exists between the parties.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Fritsch*, 899 F.3d at 793.  The Motion is therefore **DENIED**.

IV.   Disposition

For the reasons stated above, the Motion is **DENIED**.