_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02321-FWS-JDE                    Date: February 18, 2026
Title: Marko Mandaric *et al.* v. JPMorgan Chase Bank, N.A. *et al.*

==========================================================

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

  Rolls Royce Paschal                                              N/A
   Deputy Clerk                                              Court Reporter

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

    Not Present                                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER [40]**

    Plaintiff Marko Mandaric and Plaintiff Kahlie Mandaric (together, "Plaintiffs") assert claims against Defendant JPMorgan Chase Bank, N.A., doing business as Chase Auto Finance ("Chase"), and several now-terminated Defendants, relating to the alleged "wrongful and unlawful repossession of Plaintiffs' 2016 Aston Martin Vanquish." (*See generally* Dkt. 1-1.) Earlier in the case, Defendant JPMorgan Chase Bank, N.A. ("Chase") filed a motion to dismiss the Complaint. (Dkt. 15.) Thereafter, Plaintiffs filed an amended complaint, so the court denied the motion to dismiss as moot. (Dkt. 22.) Chase filed a motion to dismiss the amended complaint. (Dkt. 28.) Plaintiffs did not file an opposition; rather, Plaintiffs filed a motion for leave to file a second amended complaint. (Dkt. 33.) On February 2, 2026, the court granted Chase's motion to dismiss as unopposed but, out of an abundance of caution, gave Plaintiffs leave to file a second amended complaint by February 13, 2026. (Dkt. 40.) Further, the court noted that "[f]ailure to file an amended complaint" by February 13, 2026, "will result in dismissal of this action without prejudice without further notice for failure to prosecute and/or comply with a court order." (*Id.*) Plaintiffs did not file an amended complaint as the court's order required. (*See generally* Dkt.)

    District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02321-FWS-JDE                    Date: February 18, 2026
Title: Marko Mandaric *et al.* v. JPMorgan Chase Bank, N.A. *et al.*

docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In this case, the court concludes these factors support dismissal due to Plaintiffs' failure to prosecute this case and comply with the court's Order setting a February 13, 2026, deadline to amend their Complaint. As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. When a plaintiff fails to follow a court order to file an amended complaint, "the action to come[s] to a complete halt," which allows a plaintiff "to control the pace of the docket rather than the Court." *Yourish*, 191 F.3d at 990 (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification); *Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *1 (N.D. Cal. Sept. 20, 2010) (explaining that a plaintiff's failure to comply with a court order to file an amended complaint or dismiss "inherently delays resolution of the case and works to the detriment of the public").

As to the third factor, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. Here, Plaintiffs offer no reason for failing to timely file an amended complaint, and their failure to do so follows shortly after their failure to oppose Chase's motion to dismiss. (*See generally* Dkt.) This factor therefore favors dismissal. *See Yourish*, 191 F.3d at 991-92 ("Plaintiffs' paltry excuse for his default on the judge's order [to file an amended complaint] indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal.").

Fourth, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits

---

**CIVIL MINUTES – GENERAL**                                                          2

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02321-FWS-JDE                    Date: February 18, 2026
Title: Marko Mandaric *et al.* v. JPMorgan Chase Bank, N.A. *et al.*

_____

disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). Plaintiffs' failure to timely prosecute this case, including their failure to file a sufficient complaint by the court's deadline, after failing to file a timely opposition to Chase's motion to dismiss, lessens the weight of the public policy favoring disposition on the merits. *See Ewing*, 2012 WL 2138159, at *2. This factor is neutral and does not preclude dismissal.

Finally, the court has attempted less drastic alternatives, but they have failed. The court granted Plaintiff leave to file a second amended complaint despite their failure to oppose Chase's motion. (Dkt. 40.) The court also informed Plaintiffs that failure to file an amended complaint by the deadline in the Order would result in dismissal of the Complaint without prejudice without further notice from the court. (*Id.*); *see Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *Alliant Credit Union*, 2010 WL 3746727, at *2 ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action."). This favor therefore weighs in favor of dismissal.

On balance, the court finds the relevant factors weigh in favor of dismissal. *Cf. Ferdik*, 963 F.2d 1258, 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here."). Plaintiff's First Amended Complaint, (Dkt. 21), is therefore **DISMISSED WITHOUT PREJUDICE.**

_____